ANNA REETZ *vs.* MERRIAM MANSFIELD.
JAMES GIBSON *vs.* SAME.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 6th—decided March 5th, 1935.

*Frank S. Bergin,* for the appellant (defendant).

*Daniel J. Danaher,* for the appellees (plaintiffs).

HAINES, J.   The plaintiffs filed in this court a plea to the jurisdiction, based upon the fact that the recognizance given by the defendant under the provisions of the Practice Book, § 335, for the prosecution of his appeal, as noted by the clerk of the City Court of Meriden, provides that the "plaintiff" shall prosecute the appeal to effect.   There has also been filed in this court as a part of the appeal record, a document certified by the clerk and under the seal of the City Court of Meriden, showing that in that court the records had been amended to accord with the fact that the recognizance as originally taken by the clerk required the "defendant" and not the "plaintiff" to prosecute the appeal.   The City Court had the power to amend its record to make it "speak the truth." *Rowe* v. *Smith,* 51 Conn. 266, 276; *Taylor* v. *Gillette,* 52 Conn. 216, 218; *Tyler* v. *Aspinwall,* 73 Conn. 493, 497, 47 Atl. 755; *Dunn's Appeal,* 81 Conn. 127, 133, 70 Atl. 703. While that court has not formally corrected the appeal record in this court, as provided by § 365 of the Practice Book, no purpose would be served by delaying in order to obtain such formal .compliance, and we shall treat the record in this court as amended in accordance with the certificate of the City Court.   *State* v. *Hunter,* 73 Conn. 435, 445, 47 Atl. 665.

With the exception of a single paragraph, the finding is unattacked, and it discloses the following facts:

The car in which the plaintiffs were riding was proceeding northerly on Madison Road, so-called, in the town of Durham, on its right-hand side of the road, about half past five in the afternoon of May 8th, 1932. A dirt road intersects and crosses the Madison Road in a northeasterly and southwesterly direction. As the plaintiffs' car approached the intersection the driver blew his horn and reduced the speed of the car and was crossing the intersection at a reasonable speed, when the car occupied by the defendant and two other persons approached on the intersecting road. The defendant's car was not under proper control, was approaching the intersection at a greater rate of speed than was reasonable under the circumstances and gave no signal or warning of its approach. It struck the left side of the plaintiffs' car while at a point north of the center of the intersection and on the plaintiffs' right-hand side of the road, and both these plaintiffs were injured. At the time of the collision, there was a woman sitting behind the steering wheel of the defendant's car and the defendant was sitting at her right. The trial court reached the conclusions that the plaintiffs were in the exercise of due care and that the accident was caused by the negligent operation of the defendant's car. These conclusions are not contested upon this appeal.

That paragraph of the finding in which a contest has developed reads as follows: "The defendant was holding the steering wheel of his car at the time of the collision and was controlling its course." The last four words are the only ones in question. The defendant's claim was that the plaintiffs did not establish by a preponderance of the evidence that he was controlling the course of the car. The related claims were that it was not established that the injuries to the plaintiffs resulted from any negligence of his, or that

there was any legal relationship between the woman sitting behind the wheel of his car and himself. These claims were overruled and the trial court reached the conclusion that "the defendant was operating his car at the time of the collision," and gave judgments for the plaintiffs. It results that the only question presented for our decision is whether the evidence as certified fails to support the disputed finding of subordinate facts and thus deprives the final conclusion of its validity.

The record before us contains oral testimony from two witnesses on this point. The car in which the plaintiffs were riding was owned by Gibson, who was in the front seat with Reetz, the latter driving, while Mrs. Gibson and Mrs. Reetz were on the back seat. Gibson testified that a young lady was sitting behind the wheel of the defendant's car with the defendant sitting at her right. He said he saw the defendant "grab the wheel"—"It seems to me only just a few feet before he crashed into us;" that the defendant's car was coming up this dirt road at a very fast rate of speed and, coming out of the dirt road, was headed to the left. He estimated the speed as forty miles per hour. Mrs. Reetz testified she did not see whether the defendant was driving his car, and then added: "I looked to the left and this car was almost on us then, but, I did see the man, he had the steering wheel and the woman was behind the steering wheel, then I didn't know anything more." This appears to be all the direct testimony of eyewitnesses as to whether the defendant was driving his car. The only conclusion to be reasonably reached, if there were no other relevant evidence, would be that the defendant was holding the steering wheel just before and at the time of the impact. In that brief period, therefore, it could hardly be believed that the young lady was

controlling the car. A car is naturally presumed to be under the "control" of the person who is holding the steering wheel, and there appears to be no direct evidence that the young lady was holding the wheel in any way at this interval of time.

But in addition to the direct evidence there are circumstances which the court was justified in noting and from which reasonable inferences could legitimately be drawn. It appears from the finding that brush and trees and the elevation of the land at the intersection, obscured the vision of the occupants of both cars, preventing or rendering it difficult to observe the approach of another car. The defendant owned the car which he was in. It is a reasonable inference from what he is shown to have done, that he did not trust the young lady to operate the car, because he seized the wheel with the obvious purpose of controlling it himself. There seems to be nothing to indicate that he did not accomplish his purpose, nor does it conclusively appear that the young lady had been controlling the car before it came into the view of the plaintiffs. While there may be a presumption that the person behind the steering wheel is controlling the car, it is not a conclusive presumption. Where one learning to drive, for example, is behind the wheel and the instructor is at his right side, the latter may in fact be in the actual control of the car. It is common knowledge that one so learning may sit behind the wheel under these circumstances. The statute law of this State provides that the one giving instruction "shall be so seated as to control the operation of the motor vehicle and shall be responsible for the operation thereof." General Statutes, § 1592. We do not know whether this young lady was being instructed by the defendant or not, but his action in seizing the wheel was a clear indication that he did not believe her

capable of controlling the car at that time and that he intended to do so himself.

There are other relevant circumstances: Since the vital question was whether the defendant was controlling the car, his unexplained failure to offer any testimony upon the point, although there were two other persons in the car with him, is a fact to which the trial court could properly attach much significance. In a case where the issue was whether the owner was in the car at the time of an accident, his statement, made afterward, that he was in the car, was introduced as an admission. We held that while such a statement is not universally conceded to be proof of the fact, it was admissible because the "conduct of a party to the proceedings, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention, is a fact relevant to the issue." *Perrelli* v. *Savas*, 115 Conn. 42, 43, 160 Atl. 311; *State* v. *Wakefield*, 88 Conn. 164, 170, 90 Atl. 230; *State* v. *Willis*, 71 Conn. 293, 306, 41 Atl. 820. We further held in the *Perrelli* case (p. 44) that the "failure of the defendants to call as witnesses two other persons, apparently well known to them, who had been in the car on the trip during which the accident happened and who must have known whether or not Peter Savas [owner] was in it, permitted an inference by the jury adverse to his contention that he was not in the car." Citing *Newtown* v. *Southbury*, 100 Conn. 251, 254, 123 Atl. 278; see also *Steinert* v. *Whitcomb*, 84 Conn. 262, 267, 268, 79 Atl. 675.

But this was not all which the trial court was entitled to consider in determining this question. As the foregoing citations indicate, the conduct of the defendant subsequent to the accident may also be considered in the nature of an admission. Reetz testified that immediately after the collision the defendant approached

him and offered to make a settlement of the damage. The witness refused, and the defendant then asked whether he was going to report the accident and remarked that he did not think it was necessary. The defendant then gave his address to Gibson. The latter remarked to the defendant that he had "done a nice job," and the defendant said, "Yes, . . . it looks like it." He was asked if he was a registered driver and replied in the affirmative and produced his registration card. After some further conversation the defendant said to the witness, referring to the latter's car, "Have it fixed and I will pay for it." A day or two afterward the defendant came to Gibson's house and asked about the latter's car and again asked if he had sent in a report. Informed that he had, the defendant said, "I wish you had not done that." Asked why he was worrying about that, the defendant replied, "Well, I was in an accident before. . . . I suppose I will have to send one in." This witness also received a letter from the defendant some days afterward saying that he had "taken up the matter of our accident with my Insurance Co., therefore, send your bill to North Insurance Agency, Inc., 96 Elm Street, New Haven, Connecticut."

We consider the direct testimony together with the legitimate inferences which the trial court was privileged to draw from the foregoing evidence to be such in their cumulative effect as to fully warrant that court in finding that the defendant was controlling the course of his car, and we sustain the conclusion of fact reached by the trial court, that the defendant was the operator of his car, both at common law and within the definition of that term in our statute, which applies not merely to Chapter 82 concerning motor vehicles but also to Chapter 83 concerning the rules of the road. General Statutes, §§ 1548, 1638. If the

owner of a car, while he also occupies it, allows another to drive it, but himself retains control of it and of the manner in which it is driven, he is liable for the actual driver's negligence in the operation. *Kelley* v. *Thibodeau,* 120 Me. 402, 404, 115 Atl. 162.

There is no error.

In this opinion the other judges concurred.