GEORGE W. KEGEL, ADMINISTRATOR (ESTATE OF RICHARD A. KEGEL) *v.* JOHN H. MCNEELY
(2440)

TESTO, DUPONT and BORDEN, Js.

Argued April 11—decision released June 19, 1984

*John P. McKean,* for the appellant (plaintiff).

*Jeffrey L. Williams,* for the appellee (defendant).

DUPONT, J. The sole issue on appeal[1] is whether the trial court erred in directing a verdict for the defendant, a coemployee of the plaintiff's decedent, in an action in which the plaintiff sought damages for the death of his decedent who had been electrocuted, during the course of his employment, as a result of contact between high tension wires and a crane.[2] The determination of the issue rests (1) on whether the plaintiff complied with General Statutes § 52-228b[3] and with Practice Book

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The plaintiff brought separate actions against the manufacturer of the crane, Koehring Company, against Northeast Utilities and against his decedent's coemployee. The three actions were consolidated for trial and tried together before the same jury. The court also directed a verdict in favor of Koehring Company. The jury returned a verdict for Northeast Utilities. The plaintiff has only appealed from the judgment in favor of his coemployee. The employer of the plaintiff intervened in the action which is the subject of this appeal but has not joined in the appeal.

[3] General Statutes § 52-228b provides in pertinent part: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court."

§ 3000,[4] and (2) on whether the plaintiff's action was barred by General Statutes § 31-293a.[5]

At the time of the death of the plaintiff's decedent, he and the defendant were coemployees involved in moving and stacking floating docks for their employer. The defendant's job was to operate a truck cab, to the rear of which was a crane on a turntable mounted on the truck bed. The crane was controlled by another employee who, at the time of the accident, was seated in the crane. The decedent was working on the ground, loading and unloading the floating docks onto and off of a sling suspended from the boom of the crane. The entire procedure was supervised by a fourth employee who served as a ground guide.

The crane and the truck each had an engine and a set of controls which operated independently of one another. The defendant controlled the locomotion of the truck from the truck cab and the action of the crane and boom was controlled from the crane cab. The accident occurred when the boom of the crane or the crane cable came in contact with overhead high-tension wires. This contact caused the instantaneous electrocution of the decedent who, at the time, was holding a part of

[4] Practice Book § 3000 provides in pertinent part: "If a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict . . . he may appeal from the final judgment of the court or of such judge . . . . If any party against whom a verdict is rendered at the direction of the court shall desire to appeal therefrom, he shall, within the time specified in Sec. 320 for filing such motions, file a motion to set it aside and if such a motion is denied, he may appeal from the final judgment and claim as error the refusal to set the verdict aside in the manner provided in regard to other motions to set verdicts aside."

[5] General Statutes § 31-293a provides in pertinent part: "If an employee or, in case of his death, his dependent has a right to benefits . . . under this chapter [the Workers' Compensation Act] on account of . . . death from injury caused by the negligence . . . of a fellow employee, such right shall be the exclusive remedy of such . . . dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 . . . ."

the metal sling which was attached to the crane cable. The evidence adduced at trial established that immediately prior to the accident, the employee acting as the ground guide directed the defendant to back the truck into position to lower a floating dock. The defendant stopped the truck at the spot indicated, turned off the ignition and remained seated in the cab with his foot on the brake. The truck was stationary at the time of the accident.

At the conclusion of the evidence, the defendant moved for a directed verdict on the grounds that the plaintiff's action was barred as a matter of law by General Statutes § 31-293a, and that the plaintiff had failed to prove the violation of an applicable standard of care by the defendant or of a legal duty owed by the defendant. The court granted the motion, directed a verdict for the defendant and thereafter, denied the plaintiff's motion to set aside the verdict. This court concludes that the plaintiff's action was barred as a matter of law, and it is, therefore, unnecessary to discuss the other grounds for the defendant's motion for a directed verdict.

A directed verdict is not favored but is justified if, on the evidence, the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed. *McDonald* v. *Connecticut Co.*, 151 Conn. 14, 17, 193 A.2d 490 (1963). On reviewing the action of the trial court in first directing and thereafter refusing to set the verdict aside, the evidence must be considered in the light most favorable to the plaintiff. *Johnson* v. *Consolidated Industries, Inc.*, 153 Conn. 522, 524, 218 A.2d 380 (1966); *Yeske* v. *Avon Old Farms School, Inc.*, 1 Conn. App. 195, 201, 470 A.2d 705 (1984).

The evidence in this case failed to establish that the truck portion of the assembly was in operation at the

time of the accident. In fact, the only evidence relative to whether the defendant was operating a motor vehicle was that the truck was immobile at the time, with its motor off. General Statutes § 31-293a precludes suits against fellow employees if workers' compensation coverage is available to the employee killed or injured during the course of his employment unless the action is based on the fellow employee's negligence in the operation of a motor vehicle.

If a coemployee is not engaged at the time of the fellow employee's injury in any activity related to driving or moving a vehicle or related to a circumstance resulting from the movement of a vehicle, the lawsuit does not fall within the exception of General Statutes § 31-293a. *Dias* v. *Adams,* 189 Conn. 354, 456 A.2d 309 (1983); *Davey* v. *Pepperidge Farms, Inc.,* 180 Conn. 469, 472–73, 429 A.2d 943 (1980). At the time of the decedent's injury, the truck, with its ignition having been turned off, could not function to move the truck itself nor did it function or move so as to change the position of the crane or its boom. On the basis of the evidence of this case, the jury could not have found that the accident was caused by the negligence of the defendant in the operation of a motor vehicle. The trial court was correct in concluding that, as a matter of law, the plaintiff's action was barred, and, therefore, in directing a verdict for the defendant.

The defendant also claims that the plaintiff waived his right to claim error in the trial court's refusal to grant the plaintiff's motion to set aside the verdict because he failed to advance any authority in support of his motion and failed to appear for the hearing on his motion. The plaintiff notified the clerk of the trial court that he would not be present for argument and that he wanted the court to deny the motion because he wished to take an appeal. He did not file a written memorandum in support of his motion but, on a printed

form, did indicate his reasons for so moving as is required by Practice Book § 320.

Although General Statutes § 52-228a contemplates a hearing on a motion to set aside a verdict in order to afford the trial court an opportunity to correct any claimed error upon which the motion is grounded, the failure of the plaintiff to provide the court with authority for his motion in this case did not unduly hamper the court in arriving at its decision to deny the motion. The statute requires the moving party to cite his reasons for the motion. The plaintiff in this case, having stated his reasons, acted at his own peril in failing to attend the hearing on his motion and in failing to make available to the trial court the legal authority upon which he based his reasons for the motion.

There is no error.

In this opinion the other judges concurred.