## EUGENE CONTI *v.* ROSE HILL POULTRY COMPANY, INC., ET AL.
### (2205)

HULL, BORDEN and DALY, Js.

Argued December 4, 1984—decision released February 5, 1985

*John A. Keyes,* with whom, on the brief, was *Michael J. Whalen,* for the appellant (plaintiff).

*Michael P. Del Sole,* for the appellees (defendants).

DALY, J. The plaintiff instituted this action in negligence against two of his coemployees[1] for their failure to provide adequate braking on their employer's truck, which the plaintiff was driving alone at the time of the accident. The trial court granted the defendants'

---

[1] The suit against the employer, Rose Hill Poultry Company, Inc., was withdrawn.

motion for summary judgment on the ground that the plaintiff's relief was limited to the Workers' Compensation Act. From the refusal of the trial court to open, or to allow reargument concerning the summary judgment rendered in the defendants' favor, the plaintiff has appealed to this court.

The following factual situation does not appear to be in dispute: On March 6, 1980, the plaintiff was employed as a truck driver for the Rose Hill Poultry Company. The plaintiff was alone in the truck provided by his employer and was driving in West Haven in the course of his duties of employment. A tractor-trailer allegedly cut in front of the plaintiff's vehicle, forcing the plaintiff off the highway and turning his truck over. The plaintiff claimed his injuries were the result of the defendants' negligence in providing him with a truck which had defective brakes. The defendant David Schbelle was the general manager of the company, while the defendant James Ciccarelli was employed as a mechanic servicing company vehicles.

The trial court concluded that since neither defendant was the operator of the truck under General Statutes § 31-293a,[2] the plaintiff was limited to his workers'

[2] General Statutes § 31-293a provides as follows: "NO RIGHT AGAINST FELLOW EMPLOYEE; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

compensation remedies and rendered summary judgment for the defendants.

The sole issue concerns the scope of "operation" as set forth in General Statutes § 31-293a.

"Operator" or "driver" is defined by General Statutes § 14-1 (32) as "any person who operates a motor vehicle or who steers or directs the course of a motor vehicle which is being towed by another motor vehicle."

"While it is true that 'operation' is not defined in General Statutes § 14-1, the cases clearly indicate that operation as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle. See *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 209, 187 A.2d 754 (1963); *Reetz* v. *Mansfield,* 119 Conn. 563, 178 A. 53 (1935); *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 A. 336 (1916)." *Davey* v. *Pepperidge Farms, Inc.,* 180 Conn. 469, 472 n.1, 429 A.2d 943 (1980). The construction of the term "operation of a motor vehicle" in General Statutes § 31-293a as not including activities unrelated to the movement of the vehicle comports with the policy of the legislature. *Dias* v. *Adams,* 189 Conn. 354, 360, 456 A.2d 309 (1983).

We have recently stated that "[i]f a coemployee is not engaged at the time of the fellow employee's injury in any activity related to driving or moving a vehicle or related to a circumstance resulting from the movement of a vehicle, the lawsuit does not fall within the exception of General Statutes § 31-293a." *Kegel* v. *McNeely,* 2 Conn. App. 174, 178, 476 A.2d 641 (1984).

The defendants were not engaged at the time of the accident in any activity related to driving or moving the truck. Hence, the plaintiff's case does not fall within the exception of General Statutes § 31-293a.

There is no error.

In this opinion the other judges concurred.