BOLESLAW KIRIAKA *v.*
MELVIN ALTERWITZ ET AL.
(4040)

HULL, DALY and BIELUCH, Js.

Submitted on briefs February 11—decision released June 3, 1986

*Joseph P. Kenny* filed a brief for the appellant (plaintiff).

*Kevin A. Coles* filed a brief for the appellee (defendant Peter Lipscomb).

BIELUCH, J. The plaintiff, Boleslaw Kiriaka, is appealing, pursuant to Practice Book § 3001, from the summary judgment rendered against him on the second count of his revised complaint in favor of the defendant Peter Lipscomb. The sole issue raised on appeal is the correctness of the trial court's conclusion that Kiriaka's suit against the defendant, his fellow employee, was preempted by the Workers' Compensation Act under General Statutes § 31-293a.

The undisputed facts are as follows: On December 5, 1980, Kiriaka and Lipscomb were both employees of the intervening plaintiff, Puritan Furniture Company. In the course of their employment on that day, at about 10:45 p.m., Lipscomb was operating their employer's furniture van in a northerly direction on Route 137 in Stamford, with Kiriaka as a passenger, when he stopped on the highway and parked the vehicle at the easterly curb of the road with its lights and flashers on. After Lipscomb parked the truck, he remained in the cab and reviewed work papers. In the meantime, Kiriaka alighted and proceeded to cross the highway from east to west when he was struck by a motor vehicle owned by the defendant National Spring Water

Company and operated, in a northerly direction, by its agent and employee, the defendant Melvin Alterwitz.

In this action, Kiriaka seeks to recover for the injuries which he received when struck by Alterwitz. The first count of his revised complaint seeks recovery from National and Alterwitz for the negligence and carelessness of Alterwitz in the operation of National's vehicle. Count two seeks recovery from Lipscomb because he "was also negligent and careless in that as an employee, within the course of his employment," he parked the van where parking was banned; he failed to put his flashing lights on; he failed to park off the highway; he failed to keep his lights on; and he failed to take precautions to prevent injury to lawful users of the highway, "especially his fellow employee." There is no allegation stating, as in the first count, that his injuries were caused by the "negligent operation" of the truck by Lipscomb expressly or within the context of an action that "is based on the fellow employee's negligence in the operation of a motor vehicle as defined in § 14-1" to fall within an exception to the exclusivity provision of the Workers' Compensation Act under § 31-293a for "injury or death from injury caused by the negligence or wrong of a fellow employee."

The defendant Lipscomb moved for summary judgment in his favor alleging that there was no genuine issue as to any material fact concerning his liability for Kiriaka's injuries. Kiriaka conceded that there was no material issue of fact, but claimed a question of law to be decided by the trial court: "Whether a motor vehicle parked on the side of the road is in operation?" On this issue, Kiriaka objected to Lipscomb's motion and also moved for summary judgment in his own favor. The trial court granted Lipscomb's motion for summary judgment and denied Kiriaka's motion after finding that the action did not fall within the exception to § 31-293a because "the defendant Lipscomb was not

engaged in any activity related to driving or moving the van or related to circumstances resulting from the movement of the van."

Section 31-293a of the Workers' Compensation Act provides in relevant part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the *exclusive remedy* of such injured employee or dependent and no action may be brought against such fellow employee *unless . . . the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.*" (Emphasis added.)

The trial court, in granting summary judgment in favor of Lipscomb, found that the plaintiff's action was not based on Lipscomb's negligence in the operation of the company van. Recognizing that "operation" is not defined in title 14 of the General Statutes, the court relied upon recent rulings interpreting the statutory exception in § 31-293a. In *Davey* v. *Pepperidge Farms, Inc.*, 180 Conn. 469, 429 A.2d 943 (1980), the court stated: "While it is true that 'operation' is not defined in General Statutes § 14-1, the cases clearly indicate that operation as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle. See *Plunkett* v. *Nationwide Mutual Ins. Co.*, 150 Conn. 203, 209, 187 A.2d 754 (1963); *Reetz* v. *Mansfield,* 119 Conn. 563, 178 A. 53 (1935); *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 A. 336 (1916)." *Davey* v. *Pepperidge Farms, Inc.,* supra, 472 n.1.

The *Davey* rule confining "operation" within the context of § 31-293a "to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle" was followed in *Dias* v. *Adams,*

189 Conn. 354, 358, 456 A.2d 309 (1983). In further support of its conclusion that this lawsuit does not fall within the exception to § 31-293a because Lipscomb was not engaged, at the time of Kiriaka's injury, in any activity related to driving or moving his vehicle or related to a circumstance resulting from the movement of the van, the trial court cited *Conti* v. *Rose Hill Poultry Co.,* 3 Conn. App. 246, 248, 486 A.2d 1145 (1985) and *Kegel* v. *McNeely,* 2 Conn. App. 174, 178, 476 A.2d 641 (1984). We find that the trial court was correct in its application of the law to the undisputed facts before it.

The plaintiff maintains in his brief "that there is no analogy in fact or fiction in the present Record to the case authority relied upon by the trial court." In that conclusion, he is mistaken. The error of this position is compounded by the plaintiff's reliance on cases and authorities which are irrelevant to the facts of this case.

The issue before us relates to the negligent operation of a motor vehicle by an employee causing injury to a fellow employee entitling him to workers' compensation benefits. In order to find such negligent operation allowing supplementary tort recovery against the employee operator within the exclusion of § 31-293a, the fellow employee's injury must have been caused by the negligent movement or circumstance resulting from the movement of the employer's truck. Neither the allegations of Kiriaka's revised complaint nor the undisputed facts establish that his injury was caused by Lipscomb's movement of the van or by a circumstance following from its movement. The accident causing Kiriaka's injury was removed from Lipscomb's prior movement or operation of the vehicle. Lipscomb parked the truck by the side of the road. Kiriaka alighted from it. Kiriaka then proceeded, on his own, unrelated to the operation of the truck, to cross the highway where he was struck by a passing vehicle.

Kiriaka's actions which resulted in his injuries were removed in fact and law from the operation of the company van.

"Operation" of a motor vehicle connotes the control and direction of it, the activity of an "operator" or "driver" licensed for that purpose. The exception to § 31-293a relates to injury causally connected to the control and direction of the employer's vehicle. In the undisputed facts before the trial court, the accidental injuries to Kiriaka were unconnected and unrelated to Lipscomb's control, direction and movement of Puritan's van. His injuries admittedly arose out of and in the course of his employment in the circumstances of the case, but they cannot be extended to reach the exception to § 31-293a. His workers' compensation benefits are the exclusive remedy available to him under that provision of the act.

The record before us on this appeal discloses that there was no genuine issue of material fact. Rather, with the exclusivity of workers' compensation benefits under § 31-293a, an issue of law emerged and summary judgment was properly granted to the defendant Lipscomb on the second count of the revised complaint and was properly denied to the plaintiff Kiriaka. See *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 114, 491 A.2d 368 (1985).

There is no error.

In this opinion the other judges concurred.