BRUCE CIRILLO ET AL., COADMINISTRATORS
(ESTATE OF NICHOLAS J. CIRILLO) *v.*
FREDERICK E. SARDO ET AL.
(14047)

Foti, Lavery and Heiman, Js.

Argued January 10—officially released June 11, 1996

*Jonathan J. Einhorn*, with whom, on the brief, was *James F. Cirillo, Jr.*, for the appellees (plaintiffs).

*S. Dave Vatti*, for the appellees (named defendant et al.).

LAVERY, J. In this wrongful death action, the plaintiffs[1] appeal from the judgment of the trial court granting the defendants'[2] motion for summary judgment. On appeal, the plaintiffs claim that the trial court improperly found that their action against the decedent's fellow employee, Frederick E. Sardo, was barred under General Statutes § 31-293a of the Workers' Compensation Act,[3] and that the statute's "negligent operation of a motor vehicle by a fellow employee" exception did not apply. We affirm the judgment of the trial court.

The following facts are undisputed. On September 20, 1989, the decedent, Sardo and Victor Gueiros were employees of Peabody N.E., Inc. (Peabody). The three employees were assigned to a construction site on Route 8 northbound near the exit 13 on-ramp to erect signs closing a portion of the left lane. Sardo drove the decedent and Gueiros to the site in a pickup truck.

At about 7:30 a.m., the decedent and Gueiros were outside of the truck setting up a sign directing traffic into the right lane of Route 8 northbound at a point 2000 feet from the construction site. Sardo parked the truck on the grass median adjacent to the highway across from the on-ramp. The truck's engine was running and its transmission was in park. The truck remained in this position for approximately two

---

[1] The plaintiffs in this action are Bruce Cirillo and Dawn Cirillo, coadministrators of the estate of Nicholas J. Cirillo.

[2] The defendants in this action are Frederick E. Sardo, Peabody N.E., Inc., and DDL Peterson Trust. On August 10, 1993, the trial court rendered summary judgment in favor of Peabody N.E., Inc. That ruling is not at issue in this appeal.

[3] General Statutes § 31-293a provides in pertinent part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . ."

minutes while the decedent and Gueiros finished placing the signs on Route 8. During this time, the truck's overhead strobe light and its rear hazard lights were operating.

While the truck was in this position, the decedent was standing to the right rear of the truck waiting for Gueiros to place some sandbags on a sign to hold it in place. A vehicle suddenly swerved into the closed left lane and struck the decedent, who was thrown forward onto Route 8. The vehicle then struck the pickup truck in which Sardo was seated. The decedent died as a result of injuries received when the vehicle hit him. At the time of the collision, the decedent was not in or on the pickup truck.

The plaintiffs brought this wrongful death action against Sardo, Peabody and DL Peterson Trust, the owner of the pickup truck leased to Peabody.[4] Sardo and DL Peterson Trust[5] moved for summary judgment on the grounds that (1) the plaintiffs are barred from pursuing their negligence claim against the decedent's fellow employee by virtue of General Statutes § 31-293 (a) and (2) Sardo's conduct did not proximately cause the injuries that resulted in the decedent's death. The trial court granted the defendants' motion for summary judgment based on the facts that the truck was parked, the decedent was not on the vehicle and the plaintiffs produced no evidence that would have allowed a finding that the accident occurred as a result of the position in which Sardo had parked the truck. The trial court concluded that any claimed negligence of Sardo cannot be said to arise from his operation of the pickup truck and the accident resulted from a hazard attendant to the decedent's employment not shared by members of

[4] The liability of the DL Peterson Trust as alleged in count two is derivative of the liability of Sardo. General Statutes § 14-154a provides for the derivative liability of the lessor of a motor vehicle.

[5] See footnote 2.

the general public. The plaintiff brought this appeal claiming the trial court was incorrect both on the issue of operation and on the issue of causation.

"The standard of review of a trial court decision granting a motion for summary judgment is well settled and is not challenged in this case. Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990)." (Internal quotation marks omitted.) *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 588 n.10, 674 A.2d 1290 (1996).

Section 31-293a provides in relevant part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the *exclusive remedy* of such injured employee or dependent and no action may be brought against such fellow employee *unless . . . the action is based on the fellow employee's negligence in the*

*operation of a motor vehicle as defined in section 14-1. . . ."* (Emphasis added.) The parties agree that at the time of the accident the decedent was acting in the course of his employment. "In order to find such negligent operation allowing supplementary tort recovery against the employee operator within the exclusion of § 31-293a, the fellow employee's injury must have been caused by the negligent movement or circumstance resulting from the movement of the employer's truck." *Kiriaka* v. *Alterwitz*, 7 Conn. App. 575, 579, 509 A.2d 560, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986).

The plaintiffs allege in their complaint that the decedent "was travelling on the rear of the vehicle operated by the defendant, Sardo, as he was placing pylons onto the highway, in order to close a lane of said Route 8 to construction, when suddenly and without warning the plaintiff's decedent was struck from the rear by another vehicle." The complaint also alleges that the resulting injuries and death were directly and proximately caused by Sardo's carelessness and negligence.[6]

---

[6] The complaint alleges that Sardo was negligent by (1) traveling unreasonably fast in violation of General Statutes § 14-219a, (2) driving recklessly in violation of General Statutes § 14-222, (3) operating a motor vehicle that was not equipped with brakes adequate to bring it to a controlled stop in violation of General Statutes § 14-80h, (4) operating a vehicle with unsafe tires in violation of General Statutes § 14-98a, (5) operating a motor vehicle at an unreasonable rate of speed, (6) failing to keep his vehicle under proper and reasonable control, (7) failing to keep a proper and reasonable lookout for other motor vehicles on the highway, (8) failing to apply his brakes in time to avoid a collision, (9) failing to turn his motor vehicle to avoid a collision, (10) operating his vehicle with defective brake lights and hazard lights, (11) operating his vehicle without proper emergency equipment, (12) operating his vehicle without proper warning lights, (13) operating his vehicle half on and half off the traveled portion of the highway, (14) operating his vehicle without sufficient protective devices, (15) operating his vehicle at an unreasonable time of the day, (16) failing to operate his vehicle on the traveled portion of the highway and (17) operating his vehicle without providing for the necessary police vehicles and supervision to assist in alerting the oncoming traffic.

These allegations all pertain to a vehicle that is moving and to the protection of its occupants. The undisputed facts presented to the trial court, however, indicate that, at the time of the accident, the decedent was not on the truck but was on the roadway and that the truck was parked on the grass median off the road surface and the automatic transmission was in "park." It is also undisputed that the other vehicle struck the decedent while he was on the road and not on the truck and that the decedent was hurled some eighty feet in front of the truck by the other vehicle. The truck was then struck in the rear by the other vehicle.

The plaintiffs neither filed a counteraffidavit nor brought forth evidentiary facts or substantial evidence from outside the pleadings from which the material facts alleged in the pleadings can be inferred. *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 280–81, 464 A.2d 57 (1983); *Wadia Enterprises, Inc.* v. *Hirschfeld*, 27 Conn. App. 162, 168–69, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992). Sardo's affidavit and submissions refute all of the plaintiffs' allegations of a breach of a standard of care. The plaintiffs introduced no facts that showed a causal connection between any conduct of Sardo sitting in the parked vehicle and the accident that resulted in the decedent's death.

Our decision in *Kiriaka* is controlling here. In *Kiriaka*,[7] we stated: " 'Operation' of a motor vehicle connotes the control and direction of it, the activity of an 'operator' or 'driver' licensed for that purpose. The

---

[7] The facts of this case are similar to the facts in *Kiriaka*. In that case, the plaintiff was a passenger in his employer's moving van, which was being operated by a fellow employee. The driver stopped on a highway and parked the vehicle at the curb with its lights and flashers activated. While the vehicle was parked, the passenger got out and, while attempting to cross the highway, was struck by another motor vehicle. The driver had remained in the illegally parked vehicle. The passenger brought an action against his fellow employee alleging that the driver had parked the van illegally and had failed to take precautions to prevent injury to lawful users of the highway.

exception to § 31-293a relates to injury causally connected to the control and direction of the employer's vehicle. In the undisputed facts before the trial court, the accidental injuries to [the plaintiff] were unconnected and unrelated to [the defendant's] control, direction and movement of [the employer's] van. His injuries admittedly arose out of and in the course of his employment in the circumstances of the case, but they cannot be extended to reach the exception to § 31-293a. His workers' compensation benefits are the exclusive remedy available to him under that provision of the act." *Kiriaka* v. *Alterwitz,* supra, 7 Conn. App. 580.

" 'While it is true that "operation" is not defined in General Statutes § 14-1, the cases clearly indicate that operation as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle. See *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 209, 187 A.2d 754 (1963); *Reetz* v. *Mansfield,* 119 Conn. 563, 178 A. 53 (1935); *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 A. 336 (1916).' *Davey* v. *Pepperidge Farms, Inc.,* 180 Conn. 469, 472 n.1, 429 A.2d 943 (1980). The construction of the term 'operation of a motor vehicle' in General Statutes § 31-293a as not including activities unrelated to the movement of the vehicle comports with the policy of the legislature. *Dias* v. *Adams,* 189 Conn. 354, 360, 456 A.2d 309 (1983).

"We have recently stated that '[i]f a coemployee is not engaged at the time of the fellow employee's injury in any activity related to driving or moving a vehicle or related to a circumstance resulting from the movement of a vehicle, the lawsuit does not fall within the exception of General Statutes § 31-293a.' *Kegel* v. *McNeely,* 2 Conn. App. 174, 178, 476 A.2d 641 (1984)." *Conti* v. *Rose Hill Poultry Co.,* 3 Conn. App. 246, 248, 486 A.2d 1145, cert. denied, 195 Conn. 802, 491 A.2d 1103 (1985).

We conclude that the trial court properly found that no issue existed as to any material fact and that the defendants were entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.