[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#115)
The issue underlying this motion is whether or not the motor vehicle exception of Connecticut General Statutes § 31-293a
applies to the facts of this case. The defendant argues that the plaintiff's claim is barred by the provision that "no action may be brought against such fellow employee unless . . . the action is based on the fellow employees negligence in the operation of a motor vehicle as defined in § 14-1." Connecticut General Statutes § 31-293a. The plaintiff argues that the motor vehicle exception applies to this action.
The facts alleged by the plaintiff in his amended complaint of December 15, 1998 are as follows: He and the defendant are employees of Sears Automotive Center. On May 6, 1996 the defendant was engaged in performing repair services on a customer's automobile when he attempted to move the vehicle from CT Page 4983 a service bay and struck the plaintiff.
The defendant argues that the motor vehicle exception in Connecticut General Statutes § 31-293a does not apply because the defendant in this case was not "operating a motor vehicle" as intended under the statute. The defendant contends that the motor vehicle exception applies only to those accident risks to which the general public is exposed. Since customers and members of the public are not generally allowed in the garage, the defendant asserts that the exception does not apply here. (See Affidavit of Robert Lange, par. 9)
The defendant cites Diaz v. Adams, 189 Conn. 354 (1983) in support of its argument. In Diaz the plaintiff's decedent was fatally struck by the shovel of a backhoe while working on a public highway. In that case the defendant claimed he was not operating the backhoe as a motor vehicle. The court determined that "the defendant was not engaged in doing anything related to driving or moving the vehicle because the shovel was engaged precluding the use of the backhoe's treads." Diaz v. Adams, at 358. The court reviewed its holding in Darcy v. Pepperidge Farms,Inc., 180 Conn. 469, 427 A.2d 943 (1980), where the court also found that a hoist attached to a truck and controlled by remote control at the time of the accident was not a "motor vehicle". As to Darcy and Diaz, the court said "at the time of the accident each of those machines was performing a function unrelated to movement of the vehicle itself." Diaz v. Adams, at 359. In the instant case the defendant engaged the automobile to drive it to a different service bay and therefore the automobile was being used as a motor vehicle.
This court recognizes that the accident occurred at the worksite and it undoubtedly concerns the operation of a motor vehicle. The defendant seeks to have this court create an exception to § 31-293a. This court will not usurp a legislative function.
For the foregoing reasons, the Motion for Summary Judgment is denied.
SANDRA VILARDI LEHENY, J.