[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10675
The following facts are not in dispute. The plaintiff, Susan Pannoni-Barron, was enrolled in a motorcycle safety program being taught at the Naugatuck Valley Community-Technical College, a state operated institution. On March 28, 1998, while attending the class, she sustained injury when the motorcycle she was riding fell to the ground. The motorcycle was owned and insured by the state of Connecticut.
The plaintiff filed this action, pursuant to General Statutes §52-556, against the State of Connecticut Board of Trustees of Community Technical Colleges on January 24, 2000, claiming negligence on the part of the defendant. The defendant filed a motion to dismiss and the plaintiff filed a timely objection. Both parties filed supporting memoranda of law.
 DISCUSSION I
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Shay v. Rossi, 253 Conn. 134,140 n. 8, 749 A.2d 1147 (2000). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996); see also Shay v. Rossi, supra. "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999).
 II
The defendant moves to dismiss the plaintiff's claim on the ground that the court lacks subject matter jurisdiction because the claim is barred by the doctrine of sovereign immunity. The defendant argues that the plaintiff's claim is not within the scope of General Statutes § 52-556
CT Page 10676 because the injury was not caused by the negligence of a state employee while operating a state owned and insured motor vehicle.[1]
"The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation. . . . Statutory interpretation presents a question of law for the court."Biller Associates v. RTE. 156 Realty Co., 52 Conn. App. 18, 26,725 A.2d 398 (1999), affirmed, 252 Conn. 400, 746 A.2d 785 (2000). The determination of whether the present case involves the operation of a motor vehicle by a state employee under General Statutes § 52-556, on the basis of undisputed facts, is one for the court. "This determination [is] an exercise of pure statutory construction by the court and [does] not involve the resolution of factual issues." Rivera v. Fox,20 Conn. App. 619, 621, 569 A.2d 1137, cert. denied, 215 Conn. 808,576 A.2d 538 (1990).
"It is well settled in Connecticut that, under the doctrine of sovereign immunity, the state cannot be sued unless, by legislative enactment, it consents. . . . General Statutes § 52-556 creates a cause of action against the state and represents a statutory exception to the common law rule of sovereign immunity. . . . As such, it must be narrowly construed. . . . In the absence of clear legislative intent, this court will not interpret a statute as waiving the state's sovereign immunity." (Internal quotation marks omitted.) Rivera v. Fox, supra,20 Conn. App. 622. The plaintiff argues that the statute allows a cause of action where a state employee's negligent conduct caused the personal injury provided the state owned and insured the vehicle. (Plaintiff's Memorandum in Objection to Motion to Dismiss, p. 3) The language of the statute requires "the negligence of any state official or employee when operating a motor vehicle. . . ." General Statutes § 52-556. "The use of the phrase `when operating a motor vehicle' implies a simultaneousness of negligent operation and injury, because `when' denotes the time or exact moment at which something is done." Rivera v. Fox, supra,20 Conn. App. 622.
In the present case, it is undisputed that the plaintiff, not a state employee, was riding the motorcycle at the time of the injury. The plaintiff urges the court to interpret the word "operate" as used in the statute to include instructing and directing the plaintiff in the plaintiff's use of the motorcycle. The plaintiff did not provide the court with any authority for her proposition that a state employee need not be physically operating the motor vehicle at the time of the incident and research has not disclosed such authority.
No legislative history exists to aid in the determination of whether the legislature intended the exception of § 52-556 to apply to CT Page 10677 instances where a plaintiff, who is not a state employee, is injured while operating a state owned and insured motor vehicle at the direction of a state employee. Courts have, however, interpreted the meaning of the word "operate" in various contexts to mean related to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle; see e.g., Davey v. Penneridae Farms, Inc.,180 Conn. 469, 429 A.2d 943 (1980); Cirillo v. Sardo, 41 Conn. App. 664,676 A.2d 1388, cert. denied, 239 Conn. 904, 682 A.2d 998 (1996); performing a function related to the movement of the vehicle itself; see e.g., Dias v. Adams, 189 Conn. 354, 456 A.2d 309 (1983); Cirillo v.Sardo, supra; and stopped incident to travel or movement; see e.g.,Jackson v. Johnson, 9 Conn. App. 290, 518 A.2d 666 (1986), cert. denied,202 Conn. 804, 519 A.2d 1208 (1987). In each of those cases, the motor vehicle was being operated by a state employee at the time of the incident. The court finds that the facts alleged in the present case do not fall within the definition of "operate" as it has been interpreted and do not provide this court with jurisdiction under General Statutes § 52-556.
"When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. See General Statutes §§ 4-141 through 4-165b. The claims commissioner, if he deems it `just and equitable,' may sanction suit against the state on any claim `which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.' General Statutes § 4-160(a). "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. General Statutes §§ 4-148 (b), 4-160.'" Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080, cert. denied, 493 U.S. 1036, 110 S.Ct. 757,107 L.Ed.2d 774 (1989).
The plaintiff's complaint alleges improper and inadequate instruction, failure to properly provide motorcycles to the students, failure to supervise, failure to provide for the safety of the students, failure to inspect the motorcycles and failure to warn. These allegations amount to a straightforward negligence claim over which the claims commissioner has authority.[2] This court lacks jurisdiction unless and until the claims commissioner authorizes suit and said authorization is properly pleaded.[3] Therefore, the motion to dismiss is granted.
So ordered. CT Page 10678
BY THE COURT
PETER EMMETT WEISE, JUDGE