[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiff, Earl Stewart, filed a complaint on August 31, 2000, alleging a cause of action for negligence against the defendant, James Heffernan. The plaintiff alleges that on November 24, 1998, while working as an employee of New England Dairy, he was attempting to load milk crates onto his employer's truck and the defendant, the driver of the CT Page 15381 truck, pulled away from the dock "causing the plaintiff to fall." (Complaint, ¶¶ 1, 2.) The parties' employer, New England Dairy, filed a motion to intervene pursuant to General Statutes § 31-293 on September 25, 2000, which was granted on October 23, 2000. New England Dairy is seeking reimbursement for amounts paid to Stewart under its workers' compensation policy.
On October 23, 2000, the defendant filed an answer to the plaintiff's complaint in which he admits that he was the driver of the vehicle involved in the alleged incident. On October 23, 2001, the defendant filed a motion for summary judgment and a memorandum in support of his motion. The defendant asserts that the plaintiff's claim does not fall within the motor vehicle exception under General Statutes § 31-293a
and that the plaintiff's exclusive remedy is to seek workers' compensation benefits through his employer. The plaintiff argues that the plaintiff's claim is within the purview of General Statutes § 31-293a. The defendant filed a reply brief claiming that the plaintiff subjected himself to the "special hazards of his employment" and, therefore, is not entitled to bring a claim under the statute. Neither party submitted documentary evidence to the court, nor does the court find any to be required for this issue to be decided.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906
(2001). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). Because the construction of a statute is a question of law, the court may decide the issue of whether General Statutes § 31-293a applies as a matter of law. See State v. Salmon, 250 Conn. 147, 152, 735 A.2d 333 (1999). CT Page 15382
Generally, an employee who is injured during the course of employment may not sue a fellow employee for his injuries and is restricted to workers' compensation benefits through his employer. However, General Statutes § 31-293a provides an exception to this rule when the injury is caused by a fellow employee's negligence in operating a motor vehicle. The statute provides in pertinent part: "If an employee or . . . has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless . . . the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . ." General Statutes § 31-293a. "In order to find such negligent operation allowing supplementary tort recovery against the employee operator within the exclusion of §31-293a, the fellow employee's injury must have been caused by the negligent movement or circumstance resulting from the movement of the employer's [vehicle]." (Internal quotation marks omitted.)Cirillo v. Sardo, 41 Conn. App. 664, 668,676 A.2d 1388 (1996).
"`Operation' of a motor vehicle connotes the control and direction of it, the activity of an `operator' or `driver' licensed for that purpose. The exception to § 31-293a relates to injury causally connected to the control and direction of the employer's vehicle." (Internal quotation marks omitted.) Id., 669-70. If a fellow employee is not engaged at the time of the injury "in any activity related to driving or moving a vehicle or related to a circumstance resulting from movement of a vehicle, the lawsuit does not fall within the exception of General Statutes § 31-293a." (Internal quotation marks omitted.) Id., 670.
Our Supreme Court has examined the legislative history of § 31-293a
in Dias v. Adams, 189 Conn. 354, 359, 456 A.2d 309 (1983). It stated that "[a]lthough the legislative history of § 31-293a is not especially revealing, there is some evidence that the intention was to distinguish `simple negligence on the job' from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment." Id., 359-60; see also Fields v. Giron, 65 Conn. App. 771, 775, ___ A.2d ___
CT Page 15383 (2001).
The defendant argues that the plaintiff has not alleged that he was "on a common roadway" when he suffered the alleged injuries. (Defendant's Memorandum, p. 4.) Further, the defendant argues that the alleged injuries are not the same type of injury that the public is generally subjected to in connection with motor vehicle accidents and that the plaintiff subjected himself to the hazards of his employment. Id. The plaintiff counters the defendant's assertions by arguing that § 31-293a
applies to injuries arising from the operation of a motor vehicle and that the location of the accident does not matter. (Plaintiff's Memorandum, p. 6.)
First, the defendant's contention that because this accident did not occur on a common roadway and, therefore, the plaintiff's cause of action does not fall under the exception is unpersuasive. At least one superior court has held that accidents involving the operation of a motor vehicle at the work site fall within § 31-293a even if the general public is not usually found at the location where the plaintiff was injured. SeeAhern v. Cooper, Superior Court, judicial district of Waterbury, Docket No. 141741S (April 5, 1999, Leheny, J.) (trial court denied defendant's motion for summary judgment and found that motor vehicle exception of § 31-293a applied where plaintiff mechanic was injured when fellow employee was moving a vehicle from one service bay to another).
Secondly, the defendant's argument that the plaintiff subjected himself to the special hazards of his job is unavailing. The defendant relies onFields v. Giron, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360414 (January 5, 2000, Melville, J.), aff'd,65 Conn. App. 771, ___ A.2d ___ (2001). In Fields, the plaintiff was injured when the defendant, a co-employee, was operating a company truck. The defendant was trying to remove a fallen tree by attaching a rope to the tree, feeding it through a block and tackle and then attaching the block and tackle to the back of the company truck. The rope broke causing the block and tackle to strike and injure the plaintiff Id. The court found that "no member of the public is generally subjected to the type of harm that was caused by the motor vehicle in this case." Id. The Appellate Court affirmed this decision and stated that the plaintiff subjected himself to "special hazards of the work place. . . ."Fields v. Giron, supra, 65 Conn. App. 775.
The types of special hazards the courts have addressed are distinguishable from the instant case. This case involves a situation in which the defendant, at the time of the alleged accident, was engaged in the ordinary use of a motor vehicle, unlike the cases cited by the defendant in his memorandum. The cases relied on by the defendant also CT Page 15384 involve plaintiffs that subjected themselves to dangerous working conditions. For example, in Ferreira v. Pisaturo, 41 Conn. Sup. 326, 352
n. 3, 574 A.2d 1324, aff'd, 215 Conn. 55, 766 A.2d 400 (1990), the plaintiff was injured by a fellow employee while working at a sewer construction site. The defendant was operating a machine used to compact fill into a trench. The plaintiff was killed when the defendant's machine, which the court found was not a motor vehicle, rolled into the trench where the defendant was working. The court also stated that the "general public is not exposed to the risk entailed by working in an open trench in close proximity to a piece of heavy construction equipment compacting earth in a portion of [a] trench." Id., 351.
In the instant case, the defendant was engaged in the ordinary use of the truck and the plaintiff did not subject himself to the special hazards of his employment. The plaintiff was attempting to load milk onto his employer's truck when the defendant allegedly pulled away from the loading dock to drive to another location. The plaintiff was not involved in dangerous activities at the time of his injury. This case is more analogous to Keogh v. Bridgeport, 187 Conn. 53, 444 A.2d 225 (1982). InKeogh, the plaintiff, a firefighter, was killed in the course of his employment when a fellow firefighter negligently backed up a fire truck owned by the city while they both were fighting a grass fire. Subsequently, the plaintiff's estate brought suit under § 31-293a. In barring the plaintiff's claims because the fellow employee was immune under § 7-308 (b), the court stated: "Clearly if the deceased and the defendant firemen were fellow employees of an employer other than the city, the deceased's right to workers' compensation benefits would not bar an action against his fellow employees because the plaintiff has alleged negligence in the operation of a motor vehicle." Id., 62; see also Holmes v. Gehring, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519957 (May 17, 1993, Walsh, J.) (trial court denied motion to strike plaintiff's claims since plaintiff alleged negligence of fellow employee involved in operation of motor vehicle by telling plaintiff to place loose chair in back of truck on trip to airport).
The plaintiff alleges that he was injured by a fellow employee in the course of employment while that fellow employee was operating a motor vehicle. This is an authorized action against a fellow employee under General Statutes § 31-293a. As a matter of law the plaintiff's claims are within the exception found under General Statutes § 31-293a, since the risk of harm from a vehicle being started up suddenly (and, as plaintiff alleges, negligently) is not materially different from the risk faced by the general public. In other words, this accident bears "a less distinct relationship to the hazards of the employment", and is therefore, based on the allegations of the complaint, not barred by the CT Page 15385 exclusivity provisions of our Workers Compensation Act.
Defendant's motion for summary judgment is denied.
Koletsky, J.