[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
On January 18, 1987, plaintiff Michael Axiotis was a passenger in a vehicle which allegedly skidded on a patch of ice into the right hand guardrail of I-91 in Rocky Hill, Connecticut. Plaintiff claims the vehicle was owned by defendant Voyiazis Bros. Ltd., his employer, and operated by defendant Costas Voyiazis, his fellow servant, acting within the scope of his employment. Plaintiff claims he was standing on the shoulder of the highway inspecting the damage done to the vehicle when another car, driven by defendant Juan Rodriguez, skidded on the same patch of ice and struck him. Plaintiff has received workers' compensation for the injuries caused by the accident and now comes to court seeking monetary damages'
Plaintiff filed suit in three counts alleging that (1) defendant Rodriguez negligently operated the vehicle which struck him; (2) defendant Commissioner of Transportation maintained a defective highway; and (3) defendants Voyiazis Bros. Ltd. and Costas Voyiazis negligently failed to take precautions to prevent him from being injured on the highway.
In the third count, plaintiff specifically claims that defendant Voyiazis , (1), failed to keep his vehicle under control and thereby placed plaintiff in a position of danger; (2), failed to put his flashing lights on to warn other cars; (3), failed to keep his lights on so as to be visible to other cars; and, (4), failed to take precautions to prevent injury to lawful users of the highway, especially his fellow employee.
Defendants, Voyiazis Bros. and Costas Voyiazis, move to strike this count on the grounds that it is barred by Connecticut General Statutes 31-293a, which states in pertinent part:
 31-293a. No right against fellow employee; exception
 If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of CT Page 4573 such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.
Defendants claim that this statute provides that plaintiff's award of workers' compensation is his exclusive remedy against his employer, defendant Voyiazis Bros. Ltd., and his fellow servant, defendant Costas Voyiazis. Defendants argue that plaintiff has failed to allege sufficient facts to come under an exception in the statute because defendant Voyiazis was not "operating a motor vehicle" at the time plaintiff was injured. Plaintiff did not file a memorandum in opposition to defendants' motion.
A motion to strike contests the legal sufficiency of one or more of the counts stated in the complaint. Connecticut Practice Book 152 (1978). For purposes of a motion to strike, all well pleaded facts are admitted and the court construes the allegations most favorably to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). However, a motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). Unable to recognize this page.
The factually similar case of Kiriaka v. Alterwitz,7 Conn. App. 575, cert. denied, 201 Conn. 804 (1986) is dispositive of the case at bar.
In Kiriaka, plaintiff was a passenger in a van owned by his employer, Puritan Furniture Co., and operated by his fellow servant, Lipscomb, until Lipscomb parked the van on the side of the highway. Kiriaka alighted from the vehicle and proceeded to cross the highway when he was struck by another motor vehicle.
Just as in this case, the plaintiff in Kiriaka sued both the driver of the vehicle which hit him and his fellow servant, claiming that the latter "parked the van where parking was banned; he failed to put his flashing lights on; he failed to park off the highway; he failed to keep his lights on; and he failed to take precautions to prevent injury to lawful users of the highway, especially his fellow employee." Id. at 577.
The court treated this claim as follows: CT Page 4574
 The issue before us relates to the negligent operation of a motor vehicle by an employee causing injury to a fellow employee entitling him to workers' compensation benefits. In order to find such negligent operation allowing supplementary tort recovery against the employee operator within the exclusion of 31-293a, the fellow employee's injury must have been caused by the negligent movement or circumstance resulting from the movement of the employer's truck. Neither the allegations of Kiriaka's revised complaint nor the undisputed facts establish that his injury was caused by Lipscomb's movement of the van or by a circumstance following from its movement. The accident causing Kiriaka's injury was removed from Lipscomb's prior movement or operation of the vehicle. Lipscomb parked the truck by the side of the road. Kiriaka alighted from it. Kiriaka then proceeded, on his own, unrelated to the operation of the truck, to cross the highway where he was struck by a passing vehicle. Kiriaka's actions which resulted in his injuries were removed in fact and law from the operation of the company van. `Operation' of a motor vehicle connotes the control and direction of it, the activity of an `operator' or `driver' licensed for that purpose. The exception to 31-293a relates to injury causally connected to the control and direction of the employer's vehicle. In the undisputed facts before the trial court, the accidental injuries to Kiriaka were unconnected and unrelated to Lipscomb's control, direction and movement of Puritan's van. His injuries admittedly arose out of and in the course of his employment in the circumstances of the case, but they cannot be extended to reach the exception to 31-293a. His workers' compensation benefits are the exclusive remedy available to him under that provision of the act.
Id. at 579-580.
The third paragraph of plaintiff's third count alleges in pertinent part: "[A]s said motor vehicle was stopped, the plaintiff alighted from said motor vehicle and was standing on CT Page 4575 the right hand shoulder of the highway. . .when he was struck by a motor vehicle operated by the defendant Juan Rodriguez. . . ." (Emphasis added.)
Plaintiff has failed to allege that his injuries were casually connected to the operation of his employer's vehicle. Rather, plaintiff has alleged that the accident causing his injury was removed from defendant Voyiazis' prior movement, or "operation" of the company vehicle. Therefore, his claim does not fall under the exception provided by Connecticut General Statute 31-293a.
Moreover, Kiriaka cites two other factually analogous cases which bolster the defendants' position. In Conti v. Rose Hill Poultry Co., 3 Conn. App. 246, 248, cert. denied, 195 Conn. 802
(1985), plaintiff claimed his injuries were the result of his fellow employees' negligence in providing him with a company truck with defective brakes. The court limited his award to workers' compensation finding that, "The defendants were not engaged at the time of the accident in any activity related to driving or moving the truck. Hence, the plaintiff's case does not fall within the exception of General Statutes 31-293a."
Similarly, in Kegel v. McNeeley, 2 Conn. App. 174
(1984), "the only evidence relating to whether the defendant was operating a motor vehicle was that the truck was immobile at the time with its motor off." Id. at 18. The court held that:
 On the basis of the evidence of this case, the jury could not have found that the accident was caused by the negligence of the defendant in the operation of a motor vehicle. The trial court was correct in concluding that, as a matter of law, the plaintiff's action was barred, and, therefore, in directing a verdict for the defendant. Id.
In the case at bar, plaintiff clearly alleges that the truck was "stopped" at the time of his injury. In fact, he claims it had smashed into the guardrail of I-91. Since the Voyiazis' vehicle was immobile at the time of plaintiff's injury, plaintiff's claim is barred as a matter of law by Connecticut General Statutes 31-293a (rev'd. to 1989).
Plaintiff has failed to allege facts sufficient to bring defendant Voyiazis under the "operation of a motor vehicle" exception to the exclusive remedy bar of the workers' I compensation act. The defendants' motion to strike is granted. CT Page 4576
E. EUGENE SPEAR, JUDGE