[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF FREDERICK SARDOAND DL PETERSON TRUST
The plaintiffs bring this wrongful death action as a result of the death of Nicholas J. Cirillo who was killed when struck by an automobile on Route 8 on September 20, 1989. The defendants are Frederick E. Sardo, a co-employee of the plaintiffs' decedent, and DL Peterson Trust, owner of a vehicle which had been leased to the employer of Mr. Cirillo and Mr. Sardo. The plaintiffs allege that the death of Mr. Cirillo was due to the CT Page 9565 negligence of Mr. Sardo.
The defendants have moved for summary judgment on the ground that the claim is barred by C.G.S. § 31-293a which precludes suits between fellow employees, and alternatively, that as a matter of law, there was no negligence on the part of Mr. Sardo which was a proximate cause of the death of Mr. Cirillo.
In support of their motion, the defendants have filed an affidavit of Frederick Sardo in which he relates the events of September 20, 1989 leading up to the death of Mr. Cirillo. The plaintiffs have filed no documentary evidence to controvert the facts set forth in Mr. Sardo's affidavit. Although the party moving for summary judgment must establish the non-existence of an issue of material fact, the party opposing the motion cannot merely claim that such issue exists, but must establish a factual predicate from which such a finding can be made. WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240 (1992).
Based upon the affidavit of Frederick Sardo, on September 20, 1989 at 7:30 a.m., Mr. Sardo, Mr. Cirillo, and one Victor Gueiros were all employees of Peabody N.E., Inc. and were assigned to erect a sign pattern to close a portion of the left lane of Route 8 northbound near the exist [exit] 13 on-ramp for construction purposes. Mr. Sardo drove Mr. Cirillo and Mr. Gueiros to the site in a pickup truck.
Immediately prior to the accident, Mr. Cirillo and Mr. Gueiros were out of the truck setting up a sign directing traffic into the right lane of Route 8 northbound at a part 2000 feet from the construction site. The truck was parked on a grass median, with the automatic transmission in the "park" setting but with the engine running. The truck remained in this position for approximately two minutes waiting for Mr. Cirillo and Mr. Gueiros to finish placing the sign pattern on Route 8. During this time, the truck's overhead strobe light and its rear hazard lights were in operation. At this time, Mr. Cirillo was outside of the truck, standing to its right rear waiting for Mr. Gueiros to place some sandbags in position.
There appears to be no dispute that the plaintiffs' decedent, while in the above position, was struck by another vehicle and thrown forward onto Route 8, such other vehicle then striking the pickup truck in which Mr. Sardo was seated. CT Page 9566
At oral argument, plaintiffs' counsel disputed the exact location of the vehicle indicating that he believed it was partially on the grass median and partially in the lefthand lane of Route 8 due to the presence of Jersey barriers. As noted above, however, there is no counteraffidavit on file to dispute that of Mr. Sardo.
Plaintiffs' counsel also indicated at oral argument that they essentially claim negligence on the part of Mr. Sardo relating to the adequacy of the warning devices on the pickup truck, and failure to have other safety measures in place, such as a police escort.
There appears to be no dispute, therefore, that the vehicle in question was in a stopped position, its transmission in "park" with the engine running, and had been for some two minutes when the accident occurred. There is also no dispute that Mr. Cirillo, when struck was not in or on the vehicle. Additionally, the plaintiffs have produced no evidence from which they claim a finding could be made that the accident occurred as a result of the position in which Mr. Sardo had parked the pickup truck.
Conn. Gen. State. [Stat.] § 31-293a provides:
 "If an employee or, in the case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1."
In order for the plaintiffs to maintain this action against Mr. Sardo, therefore, they must establish that the conduct complained of invoked the "operation" of a motor vehicle. "Operation" as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle. Dias v. Adams,189 Conn. 354, 358 (1983).
The legislative history of § 31-293a reveals that its purpose was to distinguish those cases where a worker is subjected to a CT Page 9567 special hazard of the workplace from those which involve negligence in the operation of a motor vehicle to which the general public is exposed. The legislature has chosen to extend immunity to fellow employees when injuries arise from the special risk of the workplace, as opposed to those arising from the operation of a motor vehicle which have a less distinct relationship to the hazards of employment Id., 359-360. Thus, the Supreme Court has decided to construe the term "operation of a motor vehicle" in § 31-293a as not including activities unrelated to movement of the vehicle. Id. 360.
It is the opinion of the court that any claimed negligence of Mr. Sardo as presented in connection with the defendants' motion for summary judgment cannot be said to arise from his "operation" of the pickup truck in question. Mr. Cirillo was struck and killed by another vehicle because he was stationed in a position on or near the highway in connection with erecting a sign pattern, not because of any "operation" of the truck by Mr. Sardo. The accident in question can be said to result from a hazard attendant to his employment, not shared by members of the general public.
The court's opinion is buttressed by the opinion of the Appellate Court in Kiriaka v. Alterwitz, 7 Conn. App. 575 (1986). In Kiriaka, the plaintiff was injured when he was attempting to cross a highway after alighting from a furniture van which a fellow employee had parked on the side of a highway. The plaintiff had alleged that his co-employee was negligent because he parked the van where parking was prohibited, failed to activate flashing lights, failed to park off the highway, failed to keep his lights on and failed to take precautions to prevent injury to lawful users of the highway.
The Appellate Court affirmed the decision of the trial court which granted summary judgment in favor of the defendant because his negligence did not involve the "operation" of a motor vehicle. The court pointed out that "operation" of a motor vehicle connotes the control and direction of it. Id., 580.
Since the liability of the defendant DL Peterson Trust is dependent on the liability of the operation of the vehicle, and such liability also requires "operation", that defendant is also entitled to summary judgment in its favor. Conn. Gen. Stat. § 14-154a. CT Page 9568
For the above reasons, the motion for summary judgment of Frederick Sardo and DL Peterson Trust is hereby granted.
Thompson, J.