[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 126)
The defendants Campanaro Construction Company and Robert O'Brien, in this action brought by the plaintiff Bruce Bailey for damages as a result of personal injuries, move for summary judgment which raises the issue of whether the motor vehicle exception under General Statutes 31-293a is applicable. Sec. 31-293a
generally bars suits against fellow employees where worker's compensation is available to an injured employee except if "the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1."
The facts of the case are not in dispute. On April 20, 1987, the plaintiff worked as a dump truck operator for the defendant Campanaro Construction. The defendant Robert O'Brien was also employed by Campanaro. The plaintiff drove the truck to a construction site intending to dump a load of fill. He attempted td to dump the load but was unable to do so because the body of the dump truck would only raise one-quarter of the way. Although not in the affidavits, the parties agreed that the dump portion was an integral part part of the truck, that the motor of the truck operates the dump body and the motor of the truck was operating during all relevant times. To dump the load, the plaintiff had to fully raise the body of the truck, and then drive the truck forward in small increments to let out the fill. The plaintiff enlisted the aid of O'Brien to look under the truck in order to determine if the power takeoff was spinning. O'Brien ascertained that it was. While O'Brien remained under the truck, the plaintiff positioned himself between the dump body and the frame to check the level of fluid in the hoist reservoir. At that point, O'Brien pushed a lever which caused the dump body to lower on to the plaintiff's body causing him the injuries for which he seeks damages. The plaintiff received worker's compensation benefits for his injury pursuant to the worker's compensation act.
The defendants' claim that the plaintiff does not fall within the exception because O'Brien was not operating the dump truck. The question then is simply, did the movement of the lever of a running dump truck which caused its body to move constitute operation of that truck within the meaning of 31-293a. The court concludes that it does.
Our Supreme Court has defined operation under 31-293a as "`the driving or movement of the vehicle itself or circumstances resulting from the movement of the vehicle.'" Dias v. Adams,189 Conn. 354, 358 (1983), quoting Davey v. Pepperidge Farms, Inc.,180 Conn. 469, 472 n. 1 (1980). In order to satisfy this definition, it does not require that the injury shall have CT Page 2201 occurred as a result of tires being put in motion, but merely that an "integral part of the motor vehicle" must move. Id. Surely, if the plaintiff was injured as a result of having the dirt dumped on him as the truck was unloading, he would have been injured as a result of an integral part of the movement of the truck. Accordingly, the movement of the body of a dump truck constitutes operating the vehicle within the motor vehicle exception of 31-293a.
The defendants' reliance on the following cases which held that the injury was not the result of the operation of a motor vehicle is inapposite because they did not involve the movement of an integral part of the motor vehicle. Dias v. Adams, supra, (cause of injury was a shovel of a backhoe which was immobilized while the backhoe was in motion); Davey v. Pepperidge Farms, Inc., supra, (cause of injuries was a hydraulic hoist mounted to a flatbed truck); Kiriaka v. Alterwitz, 7 Conn. App. 575 (1986) (cause of injury was being struck by a vehicle operated by a third party after he left the vehicle operated by the fellow employee); Conti v. Rose Hill Poultry Co., 3 Conn. App. 246 (1985) (cause of injury was furnishing the plaintiff a truck with defective brakes); Axiotis v. Rodriguwz, 17 Conn. Law Trib., No. 5 pp. 24-25 (1991) (cause of injury was when the plaintiff was out of the automobile and another vehicle struck him).
Accordingly, the motion for summary judgment is denied.
Robert I. Berdon, Judge