RONALD SURPRENANT *v.* JOHN BURLINGHAM
(AC 20407)

Lavery, C. J., and Foti and Daly, Js.

Argued March 1—officially released July 24, 2001

*Dennis A. Ferdon*, for the appellant (plaintiff).

*Joel M. Fain*, with whom, on the brief, was *Mary J. Ambrogio*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Ronald Surprenant, appeals from the judgment rendered by the trial court in favor of the defendant, John Burlingham, after the court granted the defendant's motion for summary judgment. On appeal, the plaintiff claims that the court improperly (1) concluded that the defendant was not engaged in the "operation" of a motor vehicle at the time of the accident that gave rise to the plaintiff's injuries and (2) rendered summary judgment notwithstanding the existence of a genuine issue of material fact as to whether the defendant was exercising control and direction over the dump truck at the time of the accident. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our review of the issues raised in this appeal. Both parties were employees of the Old Lyme Development Corporation on March 22, 1996.[1] They were working on that date at a construction site on Mile Creek Road in Old Lyme. The plaintiff's work involved operating a Mack dump truck; the defendant was the operator of a front end loader (payloader). The dump truck had a known electrical problem that caused it to stall frequently and need to be jump started. The defendant frequently assisted the plaintiff in this process. The process entailed having the operator of the dump truck release the clutch and engage the gears as the truck was pushed or pulled by the payloader. As the dump truck gained momentum, the operator would release the clutch while the dump truck was moving and thereby start the engine. Once the engine in the dump truck was started, the person in the dump truck would stop it, and the chains by which it was attached to the payloader would be disengaged.

On March 22, 1996, the dump truck stalled while the plaintiff was operating it. The plaintiff walked to where the defendant was working and told him that the truck needed to be jump started. A chain was attached to the dump truck and the payloader. The plaintiff sat in the dump truck, depressing the clutch pedal, ready to release the clutch once the dump truck gained momentum. The defendant operated the payloader, which was pulling the dump truck. When the dump truck had moved approximately three feet, the chain broke near the point where it was attached to the payloader and flew through the dump truck's windshield, striking the plaintiff's head.

[1] Although the trial court's memorandum of decision recites the date as March 22, 1997, all of the pleadings filed in the court, as well as both parties' briefs, refer to the date as March 22, 1996. Accordingly, we will treat the 1997 date used by the trial court as a scrivener's error.

The plaintiff subsequently brought this action, alleging negligence on the part of the defendant as the cause of the accident and the plaintiff's injuries. The defendant asserted the exclusivity provision, General Statutes § 31-293a, of the Workers' Compensation Act (act), General Statutes § 31-275 et seq.[2] as a special defense. The plaintiff conceded that he has received the benefits to which he is entitled under the act. The plaintiff contested, however, the defendant's assertion that the exclusivity provision applies to him and claimed instead that the motor vehicle exception referred to in § 31-293a applies to this situation.

The defendant subsequently filed a motion for summary judgment, asserting essentially the same claim raised in his special defense, namely, the exclusivity provision of the act. The defendant further claimed that he was not operating a motor vehicle at the time of the accident because the payloader that he was operating at the time of the accident (1) was used principally at construction sites, (2) was only incidentally moved over highways and (3) was not registered with the department of motor vehicles. The court rendered summary judgment in favor of the defendant, concluding that the defendant was not operating the dump truck, but was operating only the payloader. This appeal followed.

I

The plaintiff first claims that the court improperly concluded that the defendant was not engaged in the

[2] General Statutes § 31-293a provides in relevant part: "If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' . . . ."

operation of a motor vehicle at the time of the accident. We are not persuaded.

Before considering the merits of the plaintiff's claim, we note the applicable standard of review. "The standard of review of a trial court's decision to grant summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Gillum* v. *Yale University*, 62 Conn. App. 775, 780–81, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Isidro* v. *State*, 62 Conn. App. 545, 548, 771 A.2d 257 (2001).

The parties agree, and the trial court found, that the payloader that the defendant was using to try to jumpstart the dump truck is not a motor vehicle as that term is defined in General Statutes § 14-1 (a) (47).[3] The parties also agree, and the court also found, that the dump truck that the plaintiff was attempting to start at the time of the incident is a motor vehicle. The issue is whether the defendant's actions in operating the payloader in such a way as to try to start the dump truck constituted operation of the dump truck, notwithstand-

---

[3] General Statutes § 14-1 (a) (47) provides in relevant part: " 'Motor vehicle' means any vehicle propelled or drawn by any nonmuscular power, except . . . road rollers . . . agricultural tractors, farm implements . . . and any other vehicle not suitable for operation on a highway . . . ."

ing that at no time was the defendant actually in the driver's seat of the dump truck.

The plaintiff seeks to avail himself of the exception to the general exclusivity provision of the workers' compensation statute[4] that permits an employee who has received workers' compensation benefits to bring an action against a fellow employee for negligence in the operation of a motor vehicle that caused the injuries. Before he can do so, however, he must show that the facts of his case fit within that exception.

"[Our Supreme Court has] long held that . . . exceptions to statutes are to be strictly construed with doubts resolved in favor of the general rule rather than the exception . . . . *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 473–74, 673 A.2d 484 (1996); see *Conservation Commission* v. *Price*, 193 Conn. 414, 424, 479 A.2d 187 (1984); *Aaron* v. *Conservation Commission*, 183 Conn. 532, 549, 441 A.2d 30 (1981); see also 2A J. Sutherland, Statutory Construction (5th Ed. Singer 1992) §§ 47.08 and 47.11. [W]here express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute. *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, supra, 476; see *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 258, 608 A.2d 1174 (1992); *Chairman* v. *Freedom of Information Commission*, 217 Conn. 193, 200, 585 A.2d 96 (1991)." (Internal quotation marks omitted.) *Ensign-Bickford Realty Corp.* v. *Zoning Commission*, 245 Conn. 257, 268, 715 A.2d 701 (1998).

The plaintiff's contention that the defendant, as the operator of the payloader, which was helping to jump-start the dump truck, was also the operator of the dump truck, runs counter to the language of § 14-1 (a) (54). That statute, which defines an "operator" of a motor

---

[4] See footnote 2.

vehicle, also provides for the determination of the operator in a case where one vehicle tows another. Section 14-1 (a) (54) provides in relevant part: " 'Operator' means any person who operates a motor vehicle or who steers or directs the course of a motor vehicle being towed by another motor vehicle . . . ." The defendant neither steered nor directed the course of the dump truck as it was being jump started.

Our Supreme Court has stated that "[t]here is nothing to suggest that the use of any mechanical or electrical device not an integral part of the motor vehicle being driven can be considered operation of a motor vehicle." *Davey* v. *Pepperidge Farms, Inc.*, 180 Conn. 469, 472 n.1, 429 A.2d 943 (1980). This is what the defendant was doing—using a mechanical device (the payloader) that was not an integral part of the motor vehicle being driven (the dump truck) in an attempt to start the dump truck. No reasonable trier of fact could conclude that the payloader was an integral part of the dump truck, no matter how many times it had been used to jump start the dump truck.

In *Davey*, the court also noted that "operation," for purposes of the exception contained in the act, means "driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle." Id. It is undisputed that, whatever the defendant was doing, he was not driving the dump truck. He was thus not "operating" the dump truck.

In this case, applying the rule of statutory construction that we strictly construe exceptions, as articulated previously, we cannot say that the plaintiff has shown that his case clearly fits within the motor vehicle exception. It is undisputed that the payloader, which the defendant controlled, was *not* a motor vehicle. The fact that the plaintiff solicited the defendant's assistance in

jump-starting the dump truck, which admittedly *is* a motor vehicle, does not affect our analysis.

We, therefore, conclude that the court properly concluded that the defendant's operation of the payloader to jump-start the plaintiff's dump truck did not constitute "operation of a motor vehicle" so as to bring the incident within the exception contained in § 31-293a.

## II

The plaintiff also claims that the court improperly granted the motion for summary judgment in the face of an issue of material fact, namely, whether the defendant had control over the dump truck at the time of the accident that injured the plaintiff. We disagree.

The plaintiff mischaracterizes the essence of the dispute here. There is no real *factual* dispute in the parties' respective recitations of the events that took place. Their argument is over whether the court drew the proper conclusion from the facts set before it on the issue of whether the defendant had control over the dump truck.

In *Kiriaka* v. *Alterwitz*, 7 Conn. App. 575, 580, 509 A.2d 560 (1986), we had before us a situation where the underlying facts were not in dispute, and the only issue, as here, was whether the defendant was operating a motor vehicle within the meaning of § 31-293a. We held in *Kiriaka* that there was no genuine issue of material fact and that the trial court properly rendered summary judgment. Id. The same is true here. The issue of whether the defendant was engaged in the operation of a motor vehicle at the time of the accident was an issue of law.

The judgment is affirmed.

In this opinion the other judges concurred.