[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 8, 1999, the plaintiff, Ann Kuljian, filed a one count complaint in negligence against the defendants, Arthur Nepiarsky and Continental Auto Resource Systems, Inc. D/B/A Thrifty Rent-A-Car, arising out of injuries she allegedly sustained when she tripped and fell while disembarking from a passenger van in New Haven, Connecticut, on September 7, 1997. The van had been leased by the plaintiff's employer, Sage Services of Connecticut, from Thrifty Rent-A-Car for the purpose of transporting the plaintiff and other employees to a conference in Cromwell, Connecticut. The van was driven by the plaintiff's co-worker and defendant in this case, Nepiarsky. The complaint alleges that Nepiarsky was negligent in that he transported the plaintiff in a van that was not equipped with a step or other platform, that he should have known that the height of the van and the absence of a step created a dangerous condition, and that he should have warned the plaintiff of the danger and/or assisted her in stepping out of the van. The plaintiff is suing Thrifty Rent-A-Car for vicarious liability pursuant to General Statutes §14-154a.[1]
The defendants filed a motion for summary judgment on April 17, 2000, on the grounds that Nepiarsky owed no duty to the plaintiff in that he had no role in the selection of the van or its equipment, that he was asked to drive the van to the conference by their employer but was not responsible for escorting the other employees into or out of the vehicle, that he was not driving the vehicle when the plaintiff fell and that he was not even near the vehicle when the plaintiff fell but, rather, CT Page 11283 inside of a building. The defendants also assert that the plaintiff's claim is governed by the Workers' Compensation Act, General Statutes §§ 31-275 through § 31-355, which provides the exclusive remedy for work related injuries. The defendants further argue that the plaintiff is simply attempting to circumvent the recovery limitations of General Statutes § 31-293a[2]
by claiming her injury was the result of the negligent operation of a motor vehicle, an exception to § 31-293a.
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 368, 746 A.2d 753 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995). "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
In their memorandum in support of the motion for summary judgment, the defendants claim that the plaintiff's suit is precluded by § 31-293a of the Workers' Compensation Act. They argue that § 31-293a
CT Page 11284 precludes the present action because the plaintiff admits that she and the defendant work for the same employer, that she was injured while at work, and that the defendant was not driving nor causing the vehicle from which she fell to move at the time of the accident.[3]
(Defendants' Memorandum, Exhibit B, Deposition of Ann F. Kuljian, January 4, 2001, p. 109.)
In determining whether an employee's negligence claim falls within the negligent operation of a motor vehicle exception to § 31-293a, "[t]he issue of whether the defendant was engaged in the operation of a motor vehicle at the time of the accident [is] an issue of law." Surprenant v. Burlingham, 64 Conn. App. 409, 416, ___ A.2d ___ (2001). "`[O]peration,' for purposes of the exception contained in [§ 31-293a], means "driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle.'" Id., 415; see also Dias v. Adams, 189 Conn. 354, 358, 456 A.2d 309
(1983) (holding that "the defendant was doing nothing related to driving or moving [a] vehicle" under §31-293a where vehicle's power turned off and defendant merely operating shovel attached to vehicle); Davey v.Pepperidge Farms, Inc., 180 Conn. 469, 429 A.2d 943
(1980). "Our decision to construe the term `operation of a motor vehicle' in § 31-293a as not including activities unrelated to movement of the vehicle comports with [the] policy of the legislature." Dias v. Adams, supra, 189 Conn. 360.
It is clear from the plaintiff's deposition testimony that her claim against Nepiarsky is precluded by the exclusivity provision of § 31-293a of the Workers' Compensation Act. Specifically, she admits that Nepiarsky was not operating the van nor causing it to move at the time of her accident. She admits that the vehicle was in fact parked when she fell and that Nepiarsky had already removed himself from the parking lot. For the foregoing reasons, the defendants' motion for summary judgment is granted because there is no genuine issue as to any material fact regarding the applicability of § 31-293a as a bar to the plaintiff's action.
Howard F. Zoarski Judge Trial Referee CT Page 11285