[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Kim Muscetta, filed a complaint alleging a cause of action for negligence against the defendants, Gary Kimball and the City of Stamford (Stamford). The following pertinent facts were alleged in the plaintiffs complaint. The plaintiff was injured when Kimball stopped a garbage truck he was operating suddenly and without warning (the accident). The plaintiff was situated on the garbage truck when she was injured. Kimball was employed by Stamford at the time of the accident and was operating the garbage truck in the scope of his employment.
The defendants filed a motion for summary judgment on the ground that the plaintiffs claim against Kimball is barred by the exclusivity provisions of the Connecticut Workers' Compensation Act, General Statutes § 31-284,[1] and her claim against Stamford is barred by General Statutes 7-465 (a). The defendants' affidavits establish that the plaintiff was employed by Stamford at the time she was injured and that she received workers' compensation benefits as a result of her alleged injuries.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Brackets in original; citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 559, 783 A.2d 993 (2001).
The defendants assert that the plaintiffs claim against Kimball does not fall within the motor vehicle exception to the Workers' Compensation Act, under General Statutes § 31-293a, and that her exclusive remedy is to seek workers' compensation benefits through her employer. The defendants argue that § 31-293a does not apply because the accident CT Page 9124 arose from a special hazard of the workplace, rather than an ordinary risk arising from the operation of a motor vehicle. The defendants also contend that because the plaintiff cannot recover from Kimball under § 31-293a, she, therefore cannot recover from Stamford under §7-465.
"Section 31-284 (a),[2] the exclusivity provision in the [Workers' Compensation Act], manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation." Driscoll v. GeneralNutrition Corp., 252 Conn. 215, 220-21, 752 A.2d 1069 (2000). "Generally, an employee who is injured during the course of employment may not sue a fellow employee for his injuries and is restricted to workers compensation benefits through his employer." Stewart v.Heffeman, Superior Court, judicial district of Hartford, Docket No. 801396 (November 14, 2001, Koletsky, J.) (30 Conn.L.Rptr. 698, 699).
General Statutes § 31-293a provides an exception to this rule when the injury is caused by a fellow employee's negligence in operating a motor vehicle. The statute provides in relevant part: "If an employee . . . has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless . . . the action is based on the fellow employee'snegligence in the operation of a motor vehicle as defined in section 14-1." (Emphasis added) General Statutes § 31-293a. The plaintiff can use this exception if the facts of her case fit within its parameters. SeeSurprenant v. Burlingham, 64 Conn. App. 409, 414, 780 A.2d 219 (2001) (before plaintiff could avail himself of exception to general exclusivity provision of workers' compensation statute he must show that the facts of his case fit within exception).
"Although the legislative history of § 31-293a is not especially revealing, there is some evidence that the intention was to distinguish simple negligence on the job from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment." (Internal quotation marks omitted.) Fields v. Giron, 65 Conn. App. 771, 774-75,783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001); CT Page 9125 quoting, Dias v. Adams, 189 Conn. 354, 359-60, 456 A.2d 309 (1983).
Thus, an accident that involves "a special hazard of the workplace . . . does not fall within the purview of the motor vehicle exception to the Workers' Compensation Act." Fields v. Giron, supra, 65 Conn. App. 776. InFields, the plaintiff was injured by a block and tackle mechanism attached to a truck. The Fields court found that the defendant was not operating the truck at the time of the plaintiffs injuries and that the plaintiffs injuries resulted from a special hazard of the workplace. Id., 775-76. For this reason, the plaintiff could not seek additional remedies other than those under the Workers' Compensation Act. Id.; See Dias v.Adams, supra, 189 Conn. 358 (defendant was not operating the motor vehicle at the time of plaintiff s injuries, therefore, plaintiff cannot avail himself of the motor vehicle exception under the Workers' Compensation Act); see also Stewart v. Heffernan, supra,30 Conn.L.Rptr. 700
(plaintiffs injuries resulted from ordinary operation of truck and therefore the plaintiffs claims are within the motor vehicle exception of the Workers' Compensation Act).
It is undisputed that the garbage truck involved in the accident at bar is a motor vehicle under the General Statutes § 14-1. The issue in this motion is whether the garbage truck was being operated for purposes of § 31-293a and/or whether its operation involved a special hazard of the workplace.
"[O]peration, for purposes of the exception contained in [the Workers' Compensation Act], means driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle." (Internal quotation marks omitted.) Surprenant v. Burlingham, supra,64 Conn. App. 414, citing, Davey v. Pepperidge Farms, Inc., 180 Conn. 469,472 n. 1, 429 A.2d 943 (1980). `Operation' of a motor vehicle connotes the control and direction of it, the activity of an `operator' or `driver' licensed for that purpose. The exception to § 31-293a
relates to injury causally connected to the control and direction of the employee's vehicle." Cirillo v. Sardo, 41 Conn. App. 664, 669-70,676 A.2d 1388, cert. denied, 239 Conn. 904, 682 A.2d 998 (1996). "[I]f a coemployee is not engaged at the time of the fellow employee's injury in any activity related to driving or moving a vehicle or related to a circumstance resulting from the movement of a vehicle, the lawsuit does not fall within the exception of . . . § 31-293a." (Internal quotation marks omitted.) Id., 670.
Viewing the evidence in the light most favorable to the plaintiff, it is apparent that the defendants have not satisfied their burden of establishing the lack of a genuine issue of material fact. Specifically, they have not submitted evidence that Kimball was not operating the CT Page 9126 garbage truck, or that the plaintiffs injuries did not result from circumstances related to the movement of the vehicle. Moreover, they have not submitted evidence that the accident resulted from a special hazard in the workplace. Therefore, factual issues exist as to these issues and summary judgment is denied as to count one. See Stewart v. Heffernan, supra, 30 Conn.L.Rptr. 700 (summary judgment denied because plaintiffs injuries resulted from operation of truck and therefore the plaintiffs cause of action falls within the motor vehicle exception of the Workers' Compensation Act).
Because the court has found a genuine issue of material of fact exists as to whether this case falls within the exception to exclusivity provided for by § 31-293a, it follows that a genuine issue of fact exists as to the liability of Stamford. Under § 7-465, (a) Stamford is liable for the plaintiffs injuries only if Kimball was operating the garbage truck. Section 7-465 (a) states in relevant part that: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for . . . physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury . . . has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee . . . has a right to benefits or compensation under chapter 568 [the Worker's Compensation Act] by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee . . . shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilfuland malicious or the action is based on the fellow employee's negligencein the operation of a motor vehicle as defined in section 14-1." (Emphasis added.)
Accordingly, the defendants' motion for summary judgment is denied.
So Ordered.
_____________________ CT Page 9127 D'ANDREA, J.T.R.